UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANASTASIYA YARMOSYUK,<br><br>                     Plaintiff,<br><br>    v.<br><br>RUSSIAN FEDERATION,<br><br>                     Defendant. | Case No. 24-cv-1574 (JMC) |

## MEMORANDUM OPINION

Plaintiff Anastasiya Yarmosyuk, proceeding *pro se*, sues Defendant Russian Federation "to recover compensation for property destroyed as a result of the Russian Federation's military invasion of Ukraine."[1] ECF 1 ¶ 1. She alleges that her newly remodeled house, property, and garden "were destroyed by Russian missiles and artillery in the city of Novovorontsovka[,] Ukraine" in April 2022, and that "unexploded Russian ammunition remains present on the property, rendering it unusable." *Id.* ¶ 2. She seeks $320,000 in damages. *Id.* ¶ A. Because this Court lacks jurisdiction over Ms. Yarmosyuk's suit, it must dismiss this case without prejudice.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Indeed, federal courts are "forbidden . . . from acting beyond our authority," *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008), and, therefore, have "an affirmative obligation 'to consider whether the

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

1

constitutional and statutory authority exist for us to hear each dispute,'" *James Madison Ltd. ex rel. Hecht v. Ludwig*, 82 F.3d 1085, 1092 (D.C. Cir. 1996) (quoting *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 196 (D.C. Cir. 1992)). "[S]ubject matter jurisdiction may not be waived, and . . . courts may raise the issue *sua sponte*." *NetworkIP, LLC*, 548 F.3d at 120 (quoting *Athens Cmty. Hosp., Inc. v. Schweiker*, 686 F.2d 989, 992 (D.C. Cir. 1982)). Absent subject-matter jurisdiction over a case, the court must dismiss it. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506–07 (2006); Fed. R. Civ. P. 12(h)(3).

Ms. Yarmosyuk alleges that the Court has jurisdiction "under the exceptions to foreign sovereign immunity set forth in the Foreign Sovereign Immunities Act [(FSIA)], 28 USC § 1605." ECF 1 ¶ 1. Because she seeks damages for an act that occurred outside the United States (and to property located outside the United States), only one of FSIA's exceptions is plausibly available: a foreign state is not immune from the jurisdiction of U.S. courts if "the action is based on . . . an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States." 28 U.S.C. § 1605(a)(2). Even affording Ms. Yarmosyuk the "liberal constru[ction]" appropriate to a *pro se* litigant, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), she alleges no "commercial activity." A state engages in commercial activity "where it exercises 'only those powers that can also be exercised by private citizens,' as distinct from those 'powers peculiar to sovereigns.'" *El-Hadad v. United Arab Emirates*, 496 F.3d 658, 663 (D.C. Cir. 2007) (quoting *Saudi Arabia v. Nelson*, 507 U.S. 349, 360 (1993)). Ms. Yarmosyuk seeks "compensation for property destroyed as a result of the Russian Federation's military invasion of Ukraine." ECF 1 ¶ 1. As the Supreme Court has held, "[a] foreign state's exercise of the power of its police," or here, its military, "has long been understood . . . as peculiarly sovereign in nature"

and therefore outside the bounds of "commercial activity." *Saudi Arabia*, 507 U.S. at 361; *see also Jam v. Int'l Fin. Corp.*, 586 U.S. 199, 215 (2019) ("[I]f the 'gravamen' of a lawsuit is tortious activity abroad, the suit is not 'based upon' commercial activity within the meaning of the FSIA's commercial activity exception."). The Court therefore lacks jurisdiction over this action and must dismiss it. *See Arbaugh*, 546 U.S. at 506–07.

\*   \*   \*

For the foregoing reasons, this action is **DISMISSED** without prejudice. A separate order accompanies this memorandum opinion.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: September 4, 2024